# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. MIX, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02097-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 14, 15)<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR RELIEF FROM RESPONDING TO THE COMPLAINT, AND FOR A THIRTY-DAY EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, TO COMMENCE UPON ISSUANCE OF SCREENING ORDER<br><br>(ECF No. 1) |

I.   Procedural History

Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Tuolomne County Superior Court on May 17, 2010. On November 9, 2010, Defendant McCue removed the action and filed a motion for an extension of time to file a responsive pleading. (ECF No. 1.) Plaintiff filed an opposition to the removal on April 6, 2011, which the Court construes as a motion to remand the action. (ECF No. 14.) Defendants filed an opposition on April 18, 2011. (ECF No. 15.)

II.   Motion to Remand

Plaintiff moves to remand this action alleging the "Separate and Independent" causes of action would not be removable under 28 U.S.C. § 1441. Plaintiff acknowledges that he is bringing claims for violations of the First and Eighth Amendments of the United Constitution, but contends

that the separate and independent causes of action are not removable and a case may not be removed based upon a federal defense.

Defendant opposes the motion on the ground it is untimely and the allegations on the face of the complaint assert claims for a violation of Plaintiff's rights under federal law. Defendants argue that the Court has original jurisdiction over the federal law claims and that removal was proper on this basis alone. Additionally, Plaintiff's motion for an extension of time, filed December 26, 2010,[1] was untimely and therefore the time to file a motion to remand had already passed.

Initially, the Court shall address the timeliness of Plaintiff's motion for an extension of time. This action was removed on November 9, 2010, and the motion to remand for any defect, other than lack of subject matter jurisdiction, must be made within thirty days after the filing of notice of removal. 28 U.S.C. § 1447(c). Plaintiff's motion for an extension of time was not mailed until December 22, 2010, more than the thirty days required by section 1447(c). The basis of Plaintiff's motion is that the "separate and independent" causes of action raised in his complaint are not removable. In other words, Plaintiff's motion is based on lack of subject matter jurisdiction. Since Plaintiff is challenging subject matter jurisdiction his motion was not required to be filed within thirty days and his extension of time was timely filed. See GMAC Mort., LLC v. Bruce, 2010 WL 3069879, *2 (E.D.Cal. Aug. 5, 2010) (Section 1447(c) excludes motions for remand on the grounds that the court lacks subject matter jurisdiction from the thirty window).

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff acknowledges that his claims in this action are based upon violations of his rights under the United States Constitution, however he argues that removal is improper because the court does not have jurisdiction over the separate and independent claims. 28 U.S.C. 1441(c) provides that "whenever a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed. . . ." This

---

[1] The Court notes that Plaintiff's motion for an extension of time was file on December 28, 2010. (ECF No. 6.)

allows the removal of the entire action when the federal court has original jurisdiction over at least one of the claims. Carlsbad Technology, Inc. V. HIF Bio, Inc., 129 S.Ct. 1862, 1865 (2009). Since Plaintiff concedes that he is bringing claims over which the district court has original jurisdiction, this action was properly removed by Defendant and Plaintiff's motion to remand shall be denied.

III.     Motion for Extension of Time to File Responsive Pleadings

Defendants move to have the complaint screened and for a thirty day extension of time to file a responsive pleading once the complaint is screened. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. Plaintiff's complaint will be screened, however, there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable despite the Court's best efforts. The Court will grant Defendant's request that she be relieved from the obligation to file a responsive pleading until 30 days after the complaint is screened.

IV.     Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to remand, filed April 6, 2011, is DENIED;
2. Defendant's motion for an extension of time, filed November 9, 2010, is GRANTED; and
3. Defendants shall have **thirty (30) days** to file a responsive pleading, to commence upon issuance of the screening order.

IT IS SO ORDERED.

**Dated:**   October 3, 2011                      /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE