1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    GUILLERMO GARCIA,                          CASE NO. 1:10-cv-02097-BAM PC

10                          Plaintiff,          ORDER DISMISSING PLAINTIFF'S FIRST
                                                AMENDED COMPLAINT, WITH LEAVE TO
11           v.                                 AMEND, FOR FAILURE TO STATE A CLAIM

12   M. MIX, et al.,                            (ECF No. 25)

13                          Defendants.         THIRTY DAY DEADLINE
     _____/

14

15   **I.      Screening Requirement**

16          Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

17   action pursuant to 42 U.S.C. § 1983.   Currently before the Court is Plaintiff's first amended

18   complaint, filed June 14, 2012.  (ECF No. 25.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24          A complaint must contain "a short and plain statement of the claim showing that the pleader

25   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

26   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

27   do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

28   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1

1   **II.   Discussion**

2        Under section 1983, Plaintiff is required to show that (1) each defendant acted under color

3   of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.

4   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate

5   that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

6   F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability under section 1983, and

7   therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.

8        In this instance, Plaintiff has not sufficiently linked the defendants named in his complaint

9   to any acts or omissions that purportedly led to the violation of those rights.  For example, Plaintiff

10  alleges that Defendants McCue, Saylor, and Pate denied his right of access to the court causing his

11  civil case to be dismissed.  (First Am. Compl. 3, ECF No. 25.)  An inmate's right of access to the

12  courts is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis v. Casey,

13  518 U.S. 354, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  Plaintiff has not

14  alleged any facts demonstrating that he suffered an actual injury to qualifying litigation.  Christopher,

15  536 U.S. at 415; Lewis, 518 U.S. at 351.

16       Plaintiff also states that Defendants engaged in a campaign to hit his cell two to three times

17  per week, property was removed from his cell and destroyed, receipts were not provided, and he was

18  given false write-ups.  (ECF No. 25 at 3.)  These assertions do not suffice to show that Plaintiff's

19  constitutional rights were violated by any named defendant.  Iqbal, 129 S.Ct. at 1949-50.  The

20  allegations contained in the complaint do not link the named defendants to any act or failure to act

21  that violated his constitutional rights.  Iqbal at 1949 ("Absent vicarious liability, each Government

22  official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297

23  F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an

24  administrative complaint does not cause or contribute to the violation.").

25       Plaintiff includes an eleven page objection to the order dismissing his complaint which

26  includes factual allegations interspersed with legal argument.  While these factual allegations may

27  be sufficient to state a cognizable claim, the Court declines to wade through the legal arguments to

28  parse out the factual allegations contained within.

1    Additionally, the bases for Plaintiff's legal claims are not clear from the complaint. In his

2    second amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing

3    how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases

4    or statutes. (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims,

5    so that it is clear what his claims are and who the defendants involved are. Further, for each claim,

6    Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each

7    Defendant that led to a knowing violation of Plaintiff's federal rights. Plaintiff's statement that

8    defendants have violated his rights is not sufficient to identify any individual defendant.

9    Plaintiff will be permitted one final opportunity to file a second amended complaint

10   clarifying the factual bases for his claims against each defendant. Plaintiff's amended complaint

11   need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant

12   did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal

13   involvement or liability will not suffice. Iqbal at 1949-50.

14   Plaintiff is advised to refer to the order issued February 10, 2012, for the legal standards that

15   appear to apply to his claims. Finally, the fact that Plaintiff's complaint was removed from state

16   court does not excuse him from complying with the Federal Rules of Civil Procedure. Plaintiff may

17   not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2);

18   Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George, 507 F.3d at 607. Plaintiff may bring

19   a claim against multiple defendants so long as (1) the claim arises out of the same transaction or

20   occurrence, or series of transactions and occurrences, and (2) there are commons questions of law

21   or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert

22   Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the

23   defendants are properly joined under Rule 20(a) will the Court review the other claims to determine

24   if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the

25   same party.

26   In his second amended complaint, Plaintiff shall choose which claims he wishes to pursue

27   in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims

28   which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

1    **III.**    **Conclusion and Order**

2         For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

3 a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended

4 complaint within thirty days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may

5 not change the nature of this suit by adding new, unrelated claims in his amended complaint.

6 <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

7         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

8 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

9 <u>Iqbal</u>, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

10 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

11 caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although

12 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

13 speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

14         Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

15 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

16 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

17 causes of action alleged in an original complaint which are not alleged in an amended complaint are

18 waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

19 Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

20         Based on the foregoing, it is HEREBY ORDERED that:

21       1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

22       2.      Plaintiff's amended complaint, filed June 14, 2012, is dismissed for failure to state

23              a claim upon which relief may be granted under section 1983;

24       3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

25              amended complaint; and

26 ///

27 ///

28 ///

   4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 21, 2012**          **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE