# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. MIX, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02097-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 38) |

**I.   Screening Requirement**

Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was originally filed in Tuolumne County Superior Court and on November 11, 2010, Defendants removed the action. On December 21, 2010, Defendants consented to the jurisdiction of the magistrate judge. (ECF No. 5.) On January 10, 2011, Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 8.) Currently before the Court is that second amended complaint, filed October 24, 2012. (ECF No. 38.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Second Amended Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Correctional Institution, Tehachapi. Plaintiff brings this action against Litigation Coordinator E. McCue and Correctional Officer G. Saylor alleging violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments based upon the failure to provide him with telephone access for a court call. Plaintiff is seeking declaratory and injunctive relief and monetary damages.

On August 4, 2008, while housed at Sierra Conservation Center, Plaintiff sent a request by legal mail to the litigation coordinator to appear for a telephonic court call on August 22, 2008, at 8:30 a.m. in case no. BC-56199. (Sec. Am. Compl. ¶ 8, ECF No. 38.) Defendants McCue and

1  Saylor had arranged for Plaintiff to participate in court calls on approximately fourteen prior
2  occasions. (Id. at ¶ 10.)

3  Plaintiff appeared at Defendant Saylor's office at 8:30 a.m. on August 22, 2008. Plaintiff
4  asked Defendant Saylor if he was available to make the court call and Defendant Saylor stated, "no."
5  (Id. at ¶ 11.) Defendant Saylor told Plaintiff to make arrangements through the litigation
6  coordinator's office. Plaintiff informed Defendant Saylor that he had made a request on August 4,
7  2008, and a second request five days prior. (Id. at ¶ 12.) Plaintiff went to Sergeant Dean who told
8  him to go to school and he would be called later. (Id. at ¶ 13.)

9  At 10:00 a.m. Sergeant Dean contacted Plaintiff and told him to go to Defendant Saylor's
10 office to make his court call. Upon making the call, the Court Clerk informed Plaintiff that the judge
11 had already ruled. (Id. at ¶ 14.) On August 24, 2008, Plaintiff received a letter from the Court
12 informing him that the action had been dismissed because he did not appear for the court call. (Id.
13 at ¶ 15.)

14 Plaintiff alleges that Defendant Saylor retaliated against him by failing to provide phone
15 access because he had filed an inmate appeal approximately one month prior in which he appealed
16 an attempt by the Classification Committee, which included Defendant Saylor, to transfer him. (Id.
17 at ¶¶ 19, 20.)

18 For the reasons discussed below, Plaintiff states a claim against Defendants Saylor and
19 McCue for denial of access to the court, but the second amended complaint fails to set forth any
20 other cognizable claims under section 1983.

21 **III.    Discussion**
22     **A.    First Amendment**

23 The Supreme Court has long recognized that "(l)awful incarceration brings about the
24 necessary withdrawal or limitation of many privileges and rights, a retraction justified by the
25 considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948); see also
26 Pell v. Procunier, 417 U.S. 817, 822, (1974); Wolff v. McDonnell, 418 U.S. 539, 555 (1974). "The
27 fact of confinement and the needs of the penal institution impose limitations on constitutional rights,
28 including those derived from the First Amendment, which are implicit in incarceration." Jones v.

North Carolina Prisoners' Labor Union Inc., 433 U.S. 119, 125 (1977) (quoting Price, 344 U.S. 266, 285 (1948)). As stated in Pell, 417 U.S. at 822:

> (A) prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law.

### 1.    **Access to the Court**

Plaintiff alleges his First Amendment right to freedom of speech was violated by the failure to provide him with phone access at 8:30 a.m. on the date of his court call. The Ninth Circuit has considered a similar argument that denial of phone calls implicates the freedom of speech rights of pretrial detainees and found that the denial of phone privileges implicates "the First Amendment right . . . to communicate with persons outside prison walls," and "[u]se of a telephone provides a *means* of exercising this right." Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (emphasis in original). Inmates have a First Amendment right to telephone access, subject to reasonable security limitations. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). However, "the fact of confinement and the needs of the penal institution impose limitations on constitutional rights." Jones v. North Carolina Prisoners Labor Union, Inc., 433 U.S. 119, 125 (1977). The rights curtailed include associational rights that are protected outside the prison. Id. at 126.

In this instance, Plaintiff was not denied the opportunity to communicate by telephone. The substance of Plaintiff's complaint is that he was not provided access at the time that he requested. Plaintiff was allowed to call the court at 10:30 a.m. on the day in question, however Plaintiff alleges that his civil case was dismissed due to his failure to appear telephonically at the 8:30 a.m. hearing.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Under the First and Fourteenth Amendments inmates have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). The constitutional right to litigate without interference encompasses the First Amendment right to petition the government and Fourteenth

Amendment due process right to pursue legal redress by filing civil actions that have a reasonable basis in law or fact. See Silva, 658 F.3d at 1102. To state a claim for a violation of the right to litigate without active interference, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. See id. at 1103–04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff filed case no. BC 56199 on July 28, 2006, challenging his arrest and conviction. (ECF No. 38 at 9.) The case was dismissed on August 22, 2008, when Plaintiff failed to appear for the telephonic hearing. (Id. at 35.) Plaintiff's allegation that Defendants Saylor and McCue refused to place a phone call to the court so he could appear for the August 22, 2008 hearing are sufficient to state a cognizable claim for denial of access to the court.

### 2.     Retaliation

Plaintiff alleges that Defendant Saylor refused to provide him access to the telephone because he had filed a grievance against Defendant Saylor approximately one month earlier. A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the

5

plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendant Saylor took adverse action, the denial of the phone call, because Plaintiff filed a grievance against him. In this instance, Plaintiff acknowledges that there is a policy in place and that it had been followed on approximately fourteen occasions in the past to allow Plaintiff to call the court. While Plaintiff alleges that Defendant Saylor's failure to allow him to make the phone call was due to the grievance that had been filed one month prior, the exhibits attached to Plaintiff's complaint show otherwise.[1]

In Defendant McCue's response to the grievance that Plaintiff filed regarding this incident, she states:

> My office did not receive a written request from the Superior Court of California, County of Los Angeles prior to 8-22-08. When CCI Saylor inquired about your court appearance I could not approve it without the notification from the court. Your court document (Attachment A-1 & A-2) arrived at my office 8-26-08 via institutional u-save 'em not via legal mail.

(ECF No. 38 at 26.) It is clear that Defendant Saylor contacted Defendant McCue to receive approval to place the court call. The call was not placed because it was not approved by Defendant McCue, not because Plaintiff had previously filed a grievance against Defendant Saylor. Additionally, Plaintiff fails to set forth allegations that there was a chilling effect on his speech or that the failure to provide the phone call did not advance a legitimate correctional goal. Plaintiff fails to state a cognizable claim of retaliation against Defendant Saylor.

### B.   Fifth Amendment

Plaintiff alleges that Defendants violated his rights under the Fifth Amendment. The Due

---

[1] The Court is not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992 (9th Cir. 2010).

Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendants in this action are state employees the Fifth Amendment Due Process Clause does not apply.

### C. Sixth Amendment

Plaintiff claims that his rights under the Sixth Amendment were violated. The Sixth Amendment provides for the rights of an individual in a criminal prosecution. Plaintiff's allegations in this action do not implicate the Sixth Amendment.

### D. Eighth Amendment

Plaintiff alleges that Defendants acted with deliberate indifference to his right to be free from cruel and unusual punishment in violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

The allegations in the complaint do not show that Plaintiff was at a substantial risk of serious harm due to the denial of the phone call at 8:30 a.m. Additionally, Plaintiff's allegation that on a single occasion he was not provided with a telephone call to the court until two hours after his court hearing does not rise to the level cruel and unusual punishment in violation of the Eighth Amendment.

///

### E. Fourteenth Amendment

Plaintiff alleges that the actions of Defendants McCue and Saylor violated his right to access the court as guaranteed by the Due Process Clause and Equal Protection.

#### 1. Due Process

"Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, Plaintiff's cause of action is encompassed in the access to the courts as discussed above and "not the more generalized notion of substantive due process." Patel, 103 F.3d at 874.

#### 2. Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Plaintiff's complaint is devoid of any allegations that Defendants Saylor and McCue intentionally discriminated against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff fails to state a cognizable equal protection claim.

### F. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants Saylor and McCue violated Plaintiff's rights is unnecessary.

### G.     Injunctive Relief

Plaintiff requests that this Court determine if it was an abuse of discretion for the state court to dismiss his action for his failure to appear at the telephonic hearing and to order the California Superior Court to reinstate his case. For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A).

The pendency of this action does not confer on the Court jurisdiction to issue an order directing the Superior Court of the State of California to reinstate Plaintiff's state action, and Plaintiff's request for injunctive relief fails to state a claim. This action shall proceed for monetary damages only.

### IV.    Conclusion and Order

Plaintiff's second amended complaint states a cognizable claim against Defendants Saylor and McCue for denial of access to the court, however, Plaintiff's allegations fail to state any additional claims under section 1983. Plaintiff was previously notified of the deficiencies in his

claims and provided with the opportunity to amend. Plaintiff has now filed three complaints, with direction from the Court and was unable to cure the deficiencies. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action for damages shall proceed on Plaintiff's second amended complaint, filed October 24, 2012, against Defendants Saylor and McCue for denial of access to the court; and

2. Plaintiff's free speech, retaliation, deliberate indifference, due process, and equal protection claims, and requests for declaratory and injunctive relief are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 29, 2012**          /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE