UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MIX, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-02097-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(ECF No. 58) |

　　　　Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action proceeds on Plaintiff's second amended complaint, filed on October 24, 2012, against Defendants Saylor and McCue for denial of access to the court.

　　　　On October 23, 2013, Plaintiff filed the instant motion seeking the appointment of counsel, along with a request for an order to stop his transfer out of state.  (ECF No. 58.)  The court addresses each of Plaintiff's requests in turn.

**I.　　Request for Counsel**

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

1

plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases from indigent prisoners almost daily.  Although Plaintiff is concerned about his ability to litigate this matter following his anticipated transfer out-of-state, this is not sufficient basis for the appointment of counsel.  Plaintiff is required by the Local Rules to notify the court and opposing parties of his current address to ensure that he receives service of all orders and papers in this matter.  Local Rule 183(b).  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Rand, 113 F.3d at 1525.

For these reasons, Plaintiff's request for the appointment of counsel shall be denied without prejudice.  To the extent that Plaintiff has requested the payment of attorney fees, this request also is denied.

**II.     Request for Injunction**

As part of his request for the appointment of counsel, Plaintiff seeks an order that Defendants "stop plaintiff's transfer out of state."  (ECF No. 58, p. 4.)  It appears from documents attached to his moving papers that the California Department of Corrections and Rehabilitation ("CDCR") intends to involuntarily transfer Plaintiff due to Court Ordered Population Reductions.  Plaintiff's request for a court order to halt such a transfer is a form of injunctive relief.

A federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1985). "Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them.'" Zepeda, 753 F.2d at 727.

CDCR, the only entity with authority to stop Plaintiff's transfer, is not a party to this action. There also is no evidence that CDCR is somehow acting "in active concert or participation with" Defendants Saylor and McCue. The Court therefore lacks the authority to direct CDCR to stop Plaintiff's transfer to another prison. Accordingly, Plaintiff's request for injunctive relief shall be denied.

### III. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel is DENIED without prejudice; and
2. Plaintiff's request for injunctive relief to stop his transfer is DENIED.

IT IS SO ORDERED.

Dated: **October 24, 2013**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE