UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>M. MIX, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-02097-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES<br>(ECF No. 85) |

**I.    Introduction**

Plaintiff Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint, filed on October 24, 2012, against Defendants Saylor and McCue for denial of access to the court.  Plaintiff claims that Defendants Saylor and McCue refused him access to a telephone for a court hearing in a pending state civil action while he was incarcerated at Sierra Conservation Center in August 2008.

On April 9, 2014, the Court extended the discovery deadline solely to permit Plaintiff to obtain responses to his requests for admissions and interrogatories from Defendant McCue.  The Court also indicated that Plaintiff would have time to review those responses and file any motion to compel related to those responses.  (ECF No. 84, p. 4.)

1

1   On May 21, 2014, Plaintiff filed the instant motion to compel Defendant McCue to provide
2   further responses to his interrogatories and requests for admissions.  Plaintiff also seeks to compel
3   Defendants' responses to his production requests, which were served on April 22, 2014.  (ECF No.
4   85.)  Defendants opposed the motion on June 9, 2014.  (ECF No. 94.)  Plaintiff replied on August 19,
5   2014.  (ECF No. 100.)  The motion is deemed submitted.  Local Rule 230(l).

   **II.     Discussion**

   **A. Interrogatories**

   An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is to answer each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any objection must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. Evans v. Tilton, 2010 WL 1136216, at * 6 (E.D. Cal. Mar.19, 2010).

   Although not entirely clear from his moving papers, Plaintiff appears to seek further responses to Interrogatories (ROGs) 4, 8, 9, 10, 11, 12, 14, 16, and 17 directed to Defendant McCue.

   ROG 4: "If you contend that on the case Garcia v. LAPD, Case No. BC356199, you did received prior orders from the court requesting you to allow Garcia to use the telephone to Appear in court, before August 22, 2008.  State all the dates were you were informed, either in writing or by facsimile."

   Response:  Defendant does not recall receiving any order from the Los Angeles County Superior Court in case No. BC356199 concerning Plaintiff's telephonic appearance.  Defendant is informed that the Superior Court did not issue any such order and informed Plaintiff that it was his responsibility to arrange directly with court or CourtCall for his telephonic appearance.

   **Ruling**:  Plaintiff's motion to compel a further response to ROG 4 is denied.  Defendant McCue indicates both that she did not recall receiving an order and that the Superior Court did not

1 issue any such order. Defendant McCue cannot be compelled to provide a further response regarding
2 a Superior Court order that was not issued.

3     <u>ROG 8</u>: "If you contend that it was not you, who allowed Garcia to use the telephone to
4 appear Via Court Call on Garcia v. Morris, case no. BD427954, on February 11, 2008, at 8:30 a.m.
5 identify all individuals (including full name and last known contact information) who have knowledge
6 of any fact in support of you contention."

7     <u>Response</u>: Defendant objects to this interrogatory on the grounds it is overbroad, vague, calls
8 for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the
9 discovery of admissible evidence because it is beyond the scope of this litigation. Without waiving
10 any objection, and after a reasonable search and inquiry, Defendant does not know, and she has no
11 documents from which to refresh her recollection, whether her office arranged for Plaintiff's
12 appearance in case No. BD427954, whether a staff member in Plaintiff's housing unit arranged for the
13 call, of if Plaintiff used the dayroom phones.

14     **Ruling**: Plaintiff's motion to compel a further response to ROG 8 is denied. Defendant
15 McCue has indicated that she does not know the answer and that there are no documents from which
16 to refresh her recollection. Defendant McCue cannot be compelled to provide information that she
17 does not know.

18     <u>ROG 9</u>: "If you contend that it was not you, who allowed Garcia to use the telephone to
19 appear Via Court Call on Garcia v. Berumen, case no. BD417861, on May 5, 2008 at 8:30 a.m.
20 Identify all individuals (including full name and last known contact information) who have knowledge
21 of any fact in support of your contention."

22     <u>Response</u>: Defendant objects to this interrogatory on the grounds it is overbroad, vague, calls
23 for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the
24 discovery of admissible evidence because it is beyond the scope of this litigation. Without waiving
25 any objection, and after a reasonable search and inquiry, Defendant does not know, and she has no
26 documents from which to refresh her recollection, whether her office arranged for Plaintiff's
27 appearance in case No. BD417861, whether a staff member in Plaintiff's housing unit arranged for the
28 call, or if Plaintiff used the dayroom phones.

**Ruling**: Plaintiff's motion to compel a further response to ROG 9 is denied. Defendant McCue has indicated that she does not know the answer and that she has no documents from which to refresh her recollection. Defendant McCue cannot be compelled to provide information that she does not know.

ROG 10: "If you contend that CDCR is not obligated to provide assistance in civil matters involving inmates, if civil matter is between two private citizens and does not involved CDCR. State the facts in support of your contention."

Response: Defendant objects to this interrogatory on the grounds it is vague in its entirety, lacks foundation, and calls for speculation. Without waiving any objection, Defendant is not contending that CDCR was not required to provide assistance in civil matters. If a court in a civil lawsuit ordered Defendant to take some action in that lawsuit, such as arranging for the inmate's telephonic appearance, Defendant was required to comply with that order. But as stated above in response to Interrogatory No. 2, absent a court order, Defendant and her staff were not required to arrange for an inmate's telephonic appearance in a civil lawsuit, although Defendant and prison staff were free to do so as a courtesy or general goodwill to assist the inmate if the inmate provided ample notice.

ROG 11: "Please describe how you were kept informed, if at all, that CDCR is not obligated to provide assistance in civil matters involving inmates, if civil matter between two private citizens and does not involve CDCR."

Response: Defendant objects to this interrogatory on the grounds it is vague in its entirety, lacks foundation, and calls for speculation. Without waiving any objections, Defendant is not contending that CDCR was not required to provide assistance in civil matters. If a court in a civil lawsuit ordered Defendant to take some action in that lawsuit, such as arranging for the inmate's telephonic appearance, Defendant was required to comply with that order. But as stated above in response to Interrogatory No. 2, absent a court order, Defendant and her staff were not required to arrange for an inmate's telephonic appearance in a civil lawsuit, although Defendant and prison staff were free to do so as a courtesy or general goodwill to assist the inmate if the inmate provided ample notice.

To the extent Plaintiff is asking Defendant how she was kept informed of CDCR policy or procedure changes or updates concerning the operations of the Litigations Office, such information was provided by way of updates to the Title 15, Department Operations Manual (DOM), or local operational procedures.  Such information was also disseminated through memorandums, on the job training, or yearly In-Service Training.

ROG 12: "Please identify all individuals (including full name and last know contact information, who have knowledge of any fact in support of your contention that "CDCR is not obligated to provide assistance in civil matters involving inmate, if the civil matter is between two private citizens and does not involved CDCR.  As you asserted on the First and Second Level Response of my Inmate / Parole Appeal Form (CDC 602) Log No. SCC-08-01122, dated December 2008, and January 26, 2009."

Response:  Defendant objects to this interrogatory on the grounds it is vague in its entirety, lacks foundation, and calls for speculation.  Without waiving any objection, Defendant did not author the first-level response to Plaintiff's appeal No. SCC-08-1122, and thus, did not make the assertion Plaintiff attributes to her.  Defendant identifies Correctional Counsel III D. Perez and P. Rawlinson who signed the first-level response to his appeal.

**Ruling**: Plaintiff's motion to compel further responses to ROGs 10, 11 and 12 is denied.  Contrary to Plaintiff's contention, Defendant McCue's response is not misleading.   The response indicates that Defendant is not contending that CDCR is not obligated to provide assistance in civil matters.  Further, Defendant appropriately responded to ROG 12 regarding the authors of the first level response to his appeal, which reportedly contained the statement at issue.

ROG 14:  "Please describe any actions you took in response to the allegations of access to the court, and not providing accommodations to use of the telephone for Garcia to appear in court."

Response:  Defendant responded to Plaintiff's appeal, subsequently assigned Log No. SCC-08-1122, at the informal level and denied Plaintiff's allegations.

**Ruling**: Plaintiff's motion to compel a further response to ROG 14 is denied.  It is unclear what further response Plaintiff believes that Defendant McCue failed to provide.

1    ROG 16: "Identify any parties who were on duty such as your supervisor or any other person
2 in a higher position, in the litigation's office on August 22, 2008, between 8:15 a.m. and 930 a.m."
3    Response: After a reasonable search and inquiry, Defendant does not recall, and she has no
4 document from which to refresh her recollection. As the Litigation Coordinator, Defendant had an
5 assistant from time to time in the office, but she does not recall if she had an assistant on August 22,
6 2008.
7    ROG 17: "Did you asked any of those identified persons on duty such as your supervisor or
8 any body at all, if they can help you solve the problem G. Saylor was having with Garcia attempting to
9 use the telephone to appear at court on August 22, 2008."
10    Response: After a reasonable search and inquiry, Defendant does not recall if there was
11 anyone else in her office at the time she spoke with Saylor, and she has no document from which to
12 refresh her recollection.
13    **Ruling**: Plaintiff's motion to compel further responses to ROGs 16 and 17 is denied.
14 Defendant McCue cannot provide information that she does not recall or that is no longer available to
15 her from another source. Defendant McCue is no longer employed by the California Department of
16 Corrections and Rehabilitation. Further, there is no indication that a specific document would contain
17 the requested information responsive to Plaintiff's narrow requests.
18      **B.  Requests for Admissions**
19    "A party may serve on any other party a written request to admit, for purposes of the pending
20 action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the
21 application of law to fact, or opinions about either; and (B) the genuineness of any described
22 documents." Fed. R. Civ. P. 36(a)(1). Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

28

1    Fed. R. Civ. P. 36(a)(4).

2    "The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with
3    other forms of discovery, it is well established that boilerplate objections do not suffice, e.g.,
4    Thompson v. Yates, 2011 WL 5975469, at *3 (E.D. Cal. Nov. 29, 2011).

5    Finally, "[t]he requesting party may move to determine the sufficiency of an answer or
6    objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that
7    an answer be served. On finding that an answer does not comply with this rule, the court may order
8    either that the matter is admitted or that an amended answer be served." Id.

9    Although not entirely clear, it appears that Plaintiff seeks to compel responses to Request for
10   Admission ("RFA") 2, 4, 8, 9, 10, 11, 18, 19, 20.

11   RFA 2: "Admit that you did not request for defendant Saylor to verify if Inmate Garcia in fact
12   had on hand court documents indicating by the Superior Court that he was given permission to appear
13   telephonically on 8-22-08."

14   Response: Defendant objects to this request on the grounds it is vague, calls for speculation,
15   and lacks foundation. Without waiving any objection, responding party cannot admit or deny this
16   request because she does not recall whether or not she asked Saylor if he had any document from the
17   court granting Plaintiff permission to appear telephonically, and she has no documents from which to
18   refresh her recollection.

19   **Ruling**: Plaintiff's motion to compel a further response to RFA 2 is denied. Defendant
20   McCue has represented that she cannot recall and that she does not have access to records or
21   documents from which to refresh her recollection. Defendant McCue cannot be compelled to admit or
22   to deny information that she does not recall from a conversation in August 2008. Additionally, there
23   is no indication that Plaintiff will be prejudiced by any inability to recall whether or not Defendant
24   McCue asked Saylor if he had documents about the court hearing.

25   RFA 4: "Admit you have granted several other Court Calls and have allowed plaintiff Garcia
26   to use the Institution Unit Office's telephone, before 8-22-08."

27   Response: Defendant objects to this request on the grounds it is overbroad, vague, calls for
28   speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery

7

of admissible evidence because it is beyond the scope of this litigation.  Without waiving any objection, responding party cannot admit or deny this request because she does not recall having scheduled Plaintiff's CourtCall appearances before August 22, 2008, and she has no documents from which to refresh her recollection.

**Ruling**: Plaintiff's motion to compel a further response to RFA 4 is denied.  Defendant McCue has represented that she cannot recall and that she does not have access to records or documents from which to refresh her recollection.  Defendant McCue cannot be compelled to admit or to deny information that she does not recall.  Additionally, Plaintiff has not demonstrated that the requested information is relevant to Plaintiff's August 22, 2008 hearing.

RFA 8: "Admit that on any of the Request for Admissions numbers 5, 6, 7, you did not advice Mr. Garcia that you required notification from the court before you would allow him to use the telephone, as you stated on his CDC-602 Appeal."

Response: Defendant objects to this request on the grounds that it is overbroad, vague, calls for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because it is beyond the scope of this litigation.  Without waiving any objection, responding party cannot admit or deny this request because she does not recall having scheduled Plaintiff's telephonic appearances for February 11, May 5, or July 30, 2008, and she has not documents from which to refresh her recollection.

**Ruling**: Plaintiff's motion to compel a further response to RFA 8 is denied.  RFAs 5, 6 and 7 are requests to admit that Defendant McCue allowed Plaintiff to appear in superior court cases via CourtCall on May 5, 2008, February 11, 2008, and July 30, 2008.  Defendant McCue has represented that she does not recall scheduling such appearances and she does not have documents to refresh her recollection.  Additionally, Plaintiff has not demonstrated how court appearances in May, February and July 2008 are relevant to his claim regarding the August 22, 2008 hearing.

RFA 9: "Admit that Plaintiff Garcia served you with court minute orders and confirmation from the Court Call Appearances 2 to 3 weeks prior to the court call appearances on case no. BD-417861, on May 5, 2008, case no. BD-417861, on July 30, 2008, and on case no. BD-427954, on February 11, 2008."

Response:  Defendant objects to this request on the grounds it is overbroad, vague, calls for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because it is beyond the scope of this litigation.  Without waiving any objection, responding party cannot admit or deny this request because she does not recall having scheduled Plaintiff's telephonic appearances for February 11, May 5, or July 30, 2008, and she has no documents from which to refresh her recollection.

**Ruling**:  For the same reasons state above with respect to RFA No. 8, Plaintiff's motion to compel a further response to RFA 9 is denied.

RFA 10:  "Admit that before May 05, 2008, the superior court in Garcia v. Berumen, case no. BD417861, did not issue and order directing CDCR or SCC staff to make accommodations for Garcia to appear by telephone or Court Call for the hearing on May 05, 2008."

Response:  Defendant objects to this request on the grounds it is overbroad, vague, calls for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because it is beyond the scope of this litigation.  Without waiving any objection, responding party cannot admit or deny this request because she does not recall having scheduled Plaintiff's telephonic appearance on May 5, 2008, or Plaintiff informing her of such a hearing, and she has no documents from which to refresh her recollection.

**Ruling**:  For the same reasons state above with respect to RFA No. 8, Plaintiff's motion to compel a further response to RFA 10 is denied.

RFA 11:  "Admit that before July 30, 2008, the superior court in Garcia v. Berumen, case no. BD 417861, did not issue an order directing CDCR or SCC staff to make accommodations for Garcia to appear by telephone or Court Call for he hearing on July 30, 2008."

Response:  Defendant objects to this request on the grounds it is overbroad, vague, calls for speculation, lacks foundation, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because it is beyond the scope of this litigation.  Without waiving any objection, responding party cannot admit or deny this request because she does not recall having scheduled Plaintiff's telephonic appearance on July 30, 2008, or Plaintiff informing her of such a hearing, and she has no documents from which to refresh her recollection.

1 **Ruling**: For the same reasons state above with respect to RFA No. 8, Plaintiff's motion to
2 compel a further response to RFA 11 is denied.

3 RFA 18: "Admit that you stated on Garcia's CDCR-602 Appeal at the First Level dated 12-
4 04-2008 (see exhibit at p. 5 of plaintiff's Amended Complaint with attached 602 Appeal Log. No.
5 SCC-X-08-01122). Admit that that you stated "(CDCR" **"is not obligated to provide staff**
6 **assistance in civil matter involving inmates" "If the civil matter between two private citizen and**
7 **does not involve the CDCR."**."

8 Response: Denied.

9 **Ruling**: Plaintiff's motion to compel a further response to RFA 18 is denied. Defendant
10 McCue has denied the request for admission. Contrary to Plaintiff's apparent assertion, Defendant
11 McCue is not required to provide an explanation for her denial. Fed. R. Civ. P. 36(a)(4).

12 RFA 19: "Admit that on July 31, 2008, Garcia filed a Staff Complaint against you for
13 allegedly attempting to transfer him to Pleasant Valley, Log SCC-X-08-00977."

14 Response: Denied.

15 **Ruling**: Plaintiff's motion to compel a further response to RFA 19 is denied. Defendant
16 McCue has denied the request for admission. Contrary to Plaintiff's apparent assertion, Defendant
17 McCue is not required to provide an explanation for her denial. Fed. R. Civ. P. 36(a)(4).

18 RFA 20: "Admit that 22 days later, on August 22, 2008 You retaliated by denying Garcia to
19 use the telephone, when he was supposed to Appear by telephone of court call on case no. BC-356199,
20 because on July 31, 2008 he had filed a staff complaint against you."

21 Response: Denied.

22 **Ruling**: Plaintiff's motion to compel a further response to RFA 19 is denied. Defendant
23 McCue has denied the request for admission. Contrary to Plaintiff's apparent assertion, Defendant
24 McCue is not required to provide an explanation for her denial. Fed. R. Civ. P. 36(a)(4).

25     **C.   Requests for Production**

26 On April 22, 2014, Plaintiff served Defendants with his request for production of documents.
27 Defendants did not respond. Plaintiff now seeks an order compelling production.

28

Plaintiff's request for production of documents, served on April 22, 2014, was not authorized by the Court. As noted above, on April 9, 2014, the Court extended the discovery deadline "solely to permit Plaintiff to obtain responses to requests for admission and interrogatories from Defendant McCue." (ECF No. 84, p. 4.) The Court did not permit the service of any other discovery in this matter by any party. As such, Defendants were not obligated to provide responses.

To the extent Plaintiff argues that Defendant McCue was required to produce documents in response to Plaintiff's interrogatories or requests for admissions, he is incorrect. The Federal Rules of Civil Procedure permit, but do not require, an answering party to produce documents in response to interrogatories. See Fed. R. Civ. P. 33(d) (offering option to produce records in response to interrogatories).

For these reasons, Plaintiff's motion to compel responses to his request for production of documents shall be denied.

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion to compel, filed on May 21, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 27, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE